IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**TERRY PALMER**
45 James River Road
Beavercreek, Ohio 45434

   Plaintiff,

vs.

**DEPARTMENT OF THE AIR FORCE**
Frank Kendall III
1670 Air Force Pentagon
Washington, D.C. 20330-1670

   Defendant.

Case No.: 3:23-cv-127

Judge

**COMPLAINT WITH
JURY DEMAND**

---

Now comes Plaintiff Terry Palmer ("Palmer" or "Plaintiff") by his counsel, and for his Complaint against Defendant Secretary of the Air Force, hereinafter referred to as "Defendant" states and avers as follows:

### I.   PARTIES, JURISDICTION & VENUE

1. This is an action for wrongful discharge predicated on race, sex, and reprisal discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 (e).

2. Plaintiff is a resident of Montgomery County, Ohio and a former employee of the Department of the Air Force. Plaintiff is a male African-American.

3. Defendant Department of the Air Force has various locations in Ohio and other states, including locations in this judicial district, such as Wright Patterson Air Force Base, Ohio

("WPAFB") where Plaintiff was employed at all relevant and material times. WPAFB is located in this Judicial district.

4. Jurisdiction in this Court is proper at least pursuant to Title VII of the Civil Rights Act of 1964, as amended, as amended, 42 U.S.C. §2000 (e).

5. Venue properly lies with the Southern District of Ohio, Western Division because Defendant conducts business in this district at Wright Patterson Air Force Base.

6. On or about February 2, 2023, the Department of Veterans Affairs issued a Final Agency Decision ("FAD") which granted Plaintiff the right to bring this action in this Court no later than ninety days after Plaintiff's receipt of the decision. Plaintiff has timely filed this Complaint.

## II. FACTUAL BACKGROUND

7. Plaintiff restates the previous allegations of paragraphs 1-6 herein.

8. At all relevant times hereto, Plaintiff was employed as by Defendant as a Finacial Manager, GS-0501-12 in the Air Force Life Cycle Management Center (AFLCMC/WFF) at Wright Patterson Air Force Base, Ohio.

### A. DISCRIMINATION CLAIMS

9. Plaintiff's discrimination claims arose during 2017-2018.

10. From October 10, 2017 to July 25, 2018, Plaintiff's supervisors subjected him to disparate treatment and a hostile work environment by placing increasing more supervision on him and a greater demand for work than expected of Caucasian male/female co-workers.

11. On April 4, 2018, Plaintiff was issued a letter of reprimand by Defendant.

12. On April 27, 2018, Plaintiff received his annual appraisal which reflected a reduced score on Element 4 based on derogatory comments from his supervisors.

13. On April 30, 2018, Defendant reassigned Plaintiff to work in Delivery Reporting Section under the direct supervision of a supervisor who treated him rudely and in a condescending manner.

14. Between April 30, 2018 and January 24, 2019, Defendant's supervisor abused Plaintiff by denying his 66 management reassignment requests, causing him to take medical leave.

15. On May 10, 2018, a Defendant supervisor sent Plaintiff an email accusing him of delegating his work to others.

16. On May 14, 2018, Defendant threatened to charge Plaintiff with being absent without leave (AWOL) when he arrived to work a few minutes late due to an unexpected backup at the base gate.

17. On May 14, 2018. Defendant questioned and interfered with Plaintiff's right to participate in protected Union and EEO activities.

18. Between May 14, 2018 and January 24, 2019, Defendant's supervisors "mobbed" Plaintiff and constantly denied his 66 requests for an immediate management re-assignment.

19. On June 14, 2018, Defendant issued Plaintiff a letter of Notice of Proposed Suspension.

20. On July 25, 2018, Defendant issued Plaintiff a Decision to Suspend.

21. On August 15, 2018, Defendant retaliated against Plaintiff for his previous EEO activities when it threatened him with AWOL while he was on medical leave and after accepting his medical note.

22. On September 17, 2018, Plaintiff's supervisors were notified that a Congressional Inquiry was potentially coming and in retaliation, charged Plaintiff 376 hours of AWOL.

23. On September 21, 2018, Defendant supervisors threatened Plaintiff with AWOL while he was on medical leave and after accepting his medical note.

24. On October 16, 2018, Plaintiff was not back paid for medical leave after providing medical documentation for the medical leave that management created.

25. On October 23, 2018, Plaintiff was given an Interim notice to suspend or remove by Defendant after management officials were notified on or about September 7, 2018 that a Congressional Inquiry was potentially coming.

26. On October 29, 2018, Plaintiff was given a Notice of proposed Removal by Defendant in retaliation for Congressional Complaint he filed that was investigated on October 25, 2018.

27. On November 5, 2018, Plaintiff's Common Access Card (CAC) was taken by AFSAC Security Manager under false pretense. Plaintiff subsequently was forced to accept retirement.

## B. PROCEDURE HISTORY

28. On April 28, 2018, Plaintiff initiated informal EEO counseling and thereafter filed a formal EEO Complaint.

29. Defendant accepted the Complaint on July 26, 2018 and an investigation was conducted.

30. On January 2, 2019, Plaintiff requested to amend his Complaint to include claims referenced at paragraphs 21-27 herein, which claims were accepted by Defendant and included in its investigation herein.

31. Subsequently, Defendant issued its Report of Investigation and Investigative File on June 10, 2019.

32. Thereafter, Plaintiff requested a hearing before Administrative Judge of the Equal Employment Opportunity Commission on August 30, 2019 and then on May 16, 2020 dismissed his Complaint for the hearing process and instead requested a FAD.

## III. CASUES OF ACTION

### A. RACE DISCRIMINATION

### CIVIL RIGHTS ACT OF 1964 AS AMENDED

33. Plaintiff restates the allegations of paragraph 1-32 herein.

34. Plaintiff is an African-American male and protected from racial discrimination as set forth in his Complaint by the Civil Rights Act of 1964 as amended.

35. Beginning in October 10, 2017 and continuing throughout the remaining term of his employment, including his forced retirement, Plaintiff was treated differently than Caucasian employees in respect to the terms and conditions of his employment and was disciplined unjustly.

36. The difference in treatment and disciplinary action created a hostile working environment predicated on Plaintiff's race and would eventually lead to a forced retirement.

37. As a result of Defendant's unlawful actions, Plaintiff has been damaged in the form of lost pay and benefits, mental anguish and emotional distress and incurring attorney fees and costs.

### B. SEX DISCRIMINATION

### CIVIL RIGHTS ACT OF 1964 AS AMENDED

38 Plaintiff restates the allegations of paragraphs 1-37 herein.

39. Plaintiff is a male and protected from sex discrimination by the Civil Right Act of 1964, as amended.

40. Beginning in October 10, 2017 and continuing throughout the remaining term of his employment, including his forced retirement, Plaintiff was treated differently than Caucasian employees in respect to the terms and conditions of his employment and was disciplined unjustly.

41. The difference in treatment and disciplinary action created a hostile working environment predicated on Plaintiff's sex and would eventually lead to a forced retirement.

42. As a result of Defendant's unlawful actions, Plaintiff has been damaged in the form of lost pay and benefits, mental anguish and emotional distress and incurring attorney fees and costs.

### C.  RETALIATION
### CIVIL RIGHTS ACT OF 1964 AS AMENDED

43. Plaintiff restates the allegations of paragraphs 1-42 herein.

44. Plaintiff engaged in protected activity by filing both informal and formal complaints of discrimination charges and is protected from retaliation by the Civil Rights Act of 1964, as Amended.

45. Plaintiff was treated differently in terms of his employment, including his forced retirement than employees who had not engaged in protected activity and was disciplined unjustly.

46. The difference in treatment and disciplinary action created a hostile working environment predicated on Plaintiff's prior protected activity and would eventually lead to Plaintiff's forced retirement.

47. As a result of Defendant's unlawful actions, Plaintiff has been damaged in the form of lost pay and benefits, mental anguish and emotional distress and incurring attorney fees and costs.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Terry Palmer respectfully demands judgment against Defendant Department of the Air Force and prays for the following relief;

- A. Reinstatement, plus back pay and benefits;
- B. Compensatory damages in excess of $200,000;
- C. An award of pre and post judgment interest;
- D. Statutory damages;
- E. An award of reasonable attorney fees and costs; and
- F. Such other relief that this Court deems just and equitable.

Respectfully submitted,

DUWEL LAW

**/s/ David M. Duwel**
DAVID M. DUWEL (0029583)
130 West Second Street, Ste 2101
Dayton, Ohio 45402
PH: (937) 297-1154
FAX: (937) 297-1152

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. Mail to those parties to whom electronic notice has not been sent. Parties may access the filing through the Court's e-filing system.

/s/ David M. Duwel
Attorney at Law

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues claimed and pleaded.

/s/ David M. Duwel
David M. Duwel